**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000524
23-JUN-2014
07:58 AM**

NO. CAAP-14-0000524

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FELIX DACANAY as Personal Representative of the ESTATE OF ROGER
ROXAS and THE GOLDEN BUDHA CORPORATION, a foreign corporation,
Plaintiffs-Appellants,
v.
IMELDA MARCOS as Personal Representative of the ESTATE OF
FERDINAND E. MARCOS, and IMELDA MARCOS, individually,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 88-0522-02)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Upon review of the record, it appears that we lack
appellate jurisdiction over this appeal that Plaintiffs-
Appellants Felix Dacanay (Appellant Decanay), as personal
representative of the Estate of Roger Roxas and The Golden Budha
Corporation (Appellant Golden Budha Corporation) have asserted
from the Honorable Karl K. Sakamoto's April 8, 2014 interlocutory

"Order Granting Imelda Marcos as Personal Representative of the Estate of Ferdinand E. Marcos's Motion to Dismiss Complaint" (the April 8, 2014 interlocutory order) because the circuit court has not yet reduced the April 8, 2014 interlocutory order to an appealable final judgment, as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013) and Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) require for an appeal under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees, but, those appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The Supreme Court of Hawaiʻi has promulgated HRCP Rule 58, which specifically requires that "[e]very judgment shall be set forth on a separate document." (Emphasis added). Based on this separate document requirement under HRCP Rule 58, the Supreme Court of Hawaiʻi held more than twenty years ago that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. When interpreting the requirement for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawaiʻi explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions

-2-

of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis; citation omitted). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). For example, the Supreme Court of Hawai'i has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted; emphasis added). Furthermore, even when a circuit court enters a judgment, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. at 119, 869 P.2d at 1338 (original emphasis).

The April 8, 2014 interlocutory order is not a judgment; it is an interlocutory order. On May 5, 2014, the

circuit court clerk filed the record on appeal for appellate court case number CAAP-14-0000524, which does not contain a separate judgment on the April 8, 2014 interlocutory order. Absent an appealable final judgment, we lack appellate jurisdiction, and Appellant Decanay and Appellant Golden Budha Corporation's appeal is premature. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000524 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 23, 2014.

Presiding Judge

Associate Judge

Associate Judge

-4-